**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DEVON ENERGY PRODUCTION** | ) | |
| **COMPANY, L.P.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-20-768-G** |
| | ) | |
| **EIGHTY-EIGHT OIL, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

Now before the Court is Defendant Eighty-Eight Oil, LLC's Motion to Strike (Doc.

No. 58) seeking to strike Taylor Noland's Affidavit in Support of Plaintiff's Motion for

Summary Judgment ("Noland Affidavit," Doc. No. 42-2).   Plaintiff Devon Energy

Production Company, L.P., has responded (Doc. No. 79), and Defendant has replied (Doc.

No. 82).  Having reviewed the filings, the Court makes its determination.

     *I.*     *Applicable Standard*

An affidavit used to support a summary-judgment motion "must be made on

personal knowledge, set out facts that would be admissible in evidence, and show that the

affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

"Under the personal knowledge standard, an affidavit is inadmissible if the witness could

not have actually perceived or observed that which he testifies to." *Argo v. Blue Cross &*

*Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (internal quotation marks

omitted)).  Generally, personal knowledge "may be inferred if it is clear from the context

of the affidavit that the affiant is testifying from personal knowledge." *Told v. Tig Premier*

*Ins. Co.,* 149 F. App'x 722, 725 (10th Cir. 2005). An affiant's position in a company and

her participation in a contested matter can satisfy the personal knowledge requirement. *See*

*Pipkin v. Mortg. Creditcorp, Inc.,* No. 94-6443, 1995 WL 747437, at *4 n.5 (10th Cir.

1995) (holding that the affiants' respective positions at a bank and their "personal

knowledge of the banks' custodial duties" in connection to the contested matter met the

Rule 56 personal knowledge requirement); *Barthelemy v. Air Lines Pilots Ass'n,* 897 F.2d

999, 1018 (9th Cir. 1990) (holding that corporate officers' personal knowledge and

competence to testify were reasonably inferred "from their positions and the nature of their

participation" in the contested matters); *DIRECTV, Inc. v. Budden,* 420 F.3d 521, 530 (5th

Cir. 2005) (declining to strike an affidavit for lack of personal knowledge where it was

"reasonably within" the affiant's position to be familiar with the investigation as described

in the affidavit). Additionally, "[a]n affidavit can adequately support a motion for

summary judgment when the affiant's personal knowledge is based on a review of her

employer's business records and the affiant's position with the employer renders her

competent to testify on the particular issue which the affidavit concerns." *MetroPCS v.*

*Thomas,* 327 F.R.D. 600, 618 (N.D. Tex. 2018) (internal quotation marks omitted).

II.    *Defendant's Motion*

Defendant argues that the Affidavit, particularly paragraphs seven and eight, was

not made based on Ms. Noland's personal knowledge as required by Rule 56(c)(4) of the

Federal Rules of Civil Procedure. *See* Def.'s Mot. at 4. Defendant concedes that

paragraphs three through five of the Affidavit are "either based on the plain language of

the contract upon which plaintiff sues or can be inferred from the record," but it contends

that Ms. Noland fails to provide the source of her knowledge regarding paragraphs seven and eight. *See id.*; *see also* Noland Aff. ¶¶ 3-5, 7, 8.

In response, Plaintiff argues that Ms. Noland sufficiently asserted her personal knowledge of the facts contained in the Affidavit and properly described the basis of her personal knowledge. *See* Pl.'s Resp. at 2. Plaintiff, however, represents that "in an effort to resolve any ambiguities" regarding the basis of Ms. Noland's personal knowledge, Plaintiff stands ready to file a revised affidavit as an amended exhibit to its summary-judgment motion. *See id.* at 7-8.

Plaintiff has provided this revised affidavit to the Court as Exhibit 11 to Plaintiff's response in opposition to Defendant's summary-judgment motion ("Noland Revised Affidavit"). *Id.* at 28; *see* Noland Rev. Aff. (Doc. No. 78-11). The Revised Affidavit contains the same factual assertions as the original Affidavit but includes a more thorough explanation of the basis of Ms. Noland's personal knowledge and her duties as an Energy Marketing Manager for Plaintiff. *Compare* Noland Aff. ¶¶ 1-2, *with* Noland Rev. Aff. ¶¶ 1-3. In the Revised Affidavit, Ms. Noland states that she has "reviewed relevant corporate records and gained relevant and necessary corporate knowledge as part of [her] routine duties as Energy Marketing Manager" and as a fact witness in this matter. Noland Rev. Aff. ¶ 2. Ms. Noland represents that as an Energy Marketing Manager, she was "responsible for and ha[d] managerial authority over the events described in this affidavit." *Id.* ¶ 1. She further explains, "My duties require me to obtain knowledge and facts relevant to the events described in this affidavit, including the business relationship between Devon and DGS, the intercompany transaction between Devon and DGS at the Enterprise

Terminal located at Cushing, Oklahoma, and obligations between Devon and DGS arising from the purchase and sale of crude oil, including those at the Enterprise Terminal located at Cushing, Oklahoma set forth in this Affidavit." *Id.*

Defendant argues that the Revised Affidavit is still improper because Ms. Noland does not specify which corporate records she reviewed. *See* Def.'s Reply at 8. Further, Defendant argues that the Revised Affidavit does not supply a sufficient factual basis establishing Ms. Noland's personal knowledge of the facts therein. *See id.* at 8-9.

The Court finds that the Revised Affidavit offers sufficient factual context regarding Ms. Noland's position, duties, and managerial involvement in the transactions at issue to establish personal knowledge for summary judgment purposes. Ms. Noland does reference a specific document, the subject contract, when discussing what she learned from that document. *See* Noland Rev. Aff. ¶¶ 3, 4, 5, 6. Ms. Noland's prior deposition testimony suggests she was not aware of any documents regarding transactions between Plaintiff and Devon Gas Services ("DGS") to reference in paragraphs seven, eight, and nine of her Revised Affidavit, and so these statements are seemingly based on her corporate knowledge and managerial involvement in the transactions at issue. *See* Noland Dep. (Doc. No. 79-2) 118:1-18, 119:1-25, 120:1-6; *see also* Noland Rev. Aff. ¶¶ 1, 2, 7, 8, 9.

To the extent Defendant's challenges to the Revised Affidavit go to the weight or credibility of Ms. Noland's factual averments, such attacks do not undermine the separate determination of Ms. Noland's personal knowledge. Further, "[s]ummary judgment concerns the sufficiency of the evidence to present an issue for trial, not the weight of such

evidence." *Carey v. U.S. Postal Serv.*, 812 F.2d 621, 623 (10th Cir. 1987).  In addition, the Revised Affidavit substantially complies with the requirements of 28 U.S.C. § 1746.

CONCLUSION

Accordingly, Defendant's Motion to Strike (Doc. No. 58) is GRANTED.  The Noland Affidavit, submitted as Exhibit Two to Plaintiff's Motion for Summary Judgment (Doc. No. 42-2), is hereby STRICKEN.

Plaintiff is ADVISED that it may file the Revised Affidavit previously submitted to the Court as an additional exhibit to its summary-judgment motion on or before January 11, 2022.

IT IS SO ORDERED this 6th day of January, 2022.

CHARLES B. GOODWIN
United States District Judge